**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48097**

|  |  |  |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Filed: July 15, 2021** |
| Plaintiff-Respondent, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| JONATHAN JORGE PONCE, | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order denying motion to suppress, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Jonathan Jorge Ponce appeals from the judgment of conviction entered upon his conditional guilty plea to possession of a controlled substance. Idaho Code § 37-2732(c). Ponce argues that the district court erred when it denied his motion to suppress. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Officer Cannon observed a vehicle make three separate turns without the use of a turn signal. Upon Officer Cannon's request, Officer Erickson stopped the vehicle and began gathering driver's license, registration, and proof of insurance information from the driver (Ponce). Officer Cannon arrived and recognized that Ponce's license plates were expired and recalled that he had previously warned Ponce about the expired license plates. Officer Cannon

1

decided to issue a citation for the expired license plates and began using the "e-ticket machine" in Officer Erickson's patrol vehicle to do so. Because Ponce's address came back as being in Spokane and his vehicle license plates were from California, Officer Cannon requested Officer Erickson to clarify the address and telephone number from Ponce. While processing the citation, Officer Scholten inquired of Officer Cannon whether he wanted Officer Scholten to chat with Ponce, which was answered in the negative. Upon securing the additional information from Ponce, Officer Erickson conveyed the information to Officer Cannon and asked if there was anything else he could do. Officer Cannon asked Officer Erickson to have Ponce step out of the car and explain to him that Officer Cannon was writing a citation. Officer Cannon then asked Officer Scholten if he would talk to the passenger. Officer Cannon testified that during these interactions he continued to work on the citation. Before the citation could be completed, a narcotics dog alerted on Ponce's vehicle, indicating the presence of contraband. A subsequent search revealed a black tar-like substance, later determined to be heroin. Ponce was thereafter charged with possession of a controlled substance.

Ponce filed a motion to suppress, arguing in part that Officer Cannon's conversations with other officers on the scene unlawfully extended the stop before the narcotics dog alerted. Ponce argued that Officer Cannon unlawfully extended the stop when he (1) suggested to Officer Erickson to have Ponce exit his vehicle; (2) answered Officer Scholten's questions; and (3) asked Officer Scholten to speak with the passenger. Ponce argued that these exchanges were deviations from the purpose of the stop and unlawfully extended Ponce's detention. The district court held a hearing on the motion where four of the police officers involved with the investigation testified. The district court denied Ponce's motion to suppress, finding that Officer Cannon's conversations while processing the citation did not constitute abandonment of the original purpose of the stop and did not unlawfully extend Ponce's detention.

Ponce entered a conditional guilty plea to possession of a controlled substance, reserving his right to appeal the district court's order denying his motion to suppress. The district court sentenced Ponce to a unified term of three years with one year determinate. Ponce timely appeals.

2

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Ponce argues that the district court erred by denying his motion to suppress. Although Ponce concedes that the district court found the conversations did not add time to the stop, Ponce argues that he was unlawfully seized when the officers deviated from the original purpose of the stop and engaged in conversations that, he asserts, extended the duration of his detention.

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979). Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998).

In the context of traffic stops, authority for the seizure ends when the tasks related to the infraction are, or reasonably should have been, completed. *Illinois v. Caballes*, 543 U.S. 405, 407 (2005). Such tasks include ordinary inquiries incident to the traffic stop such as checking the driver's license, determining whether there are outstanding warrants against the driver, and inspecting the automobile's registration and proof of insurance. *Rodriguez v. United States*, 575 U.S. 348, 355 (2015). An officer may conduct unrelated checks or other tasks during a traffic stop without additional reasonable suspicion as long as they do not prolong the time it takes, or should have taken, to complete the mission of the traffic stop. *Id.*

3

As Ponce acknowledges, the district court determined that the conversations did not add time to the stop. This Court defers "to the trial court's factual findings unless clearly erroneous." *State v. Henage*, 143 Idaho 655, 658, 152 P.3d 16, 19 (2007). Outside of his assertion that the conversations unlawfully extended the stop, Ponce does not argue that the district court's finding on this matter was clearly erroneous. Even if Ponce did contest the finding, the district court's finding that the exchanges between the officers did not add time to the stop is supported by substantial evidence. Ponce also acknowledges Idaho Supreme Court authority holding that a traffic stop is not unlawfully extended by conduct that does not add time to the stop. *See State v. Pylican*, 167 Idaho 745, 477 P.3d 180 (2020). As the conversations did not add time to the stop, the district court did not err by denying Ponce's motion to suppress.

## IV.

## CONCLUSION

The district court did not err in finding that the exchanges between officers during the traffic stop did not prolong Ponce's detention. Therefore, we affirm the district court's denial of Ponce's motion to suppress.

Chief Judge HUSKEY and Judge BRAILSFORD **CONCUR**.